MOORE *v*. THE STATE.

No. 17080. MAY 11, 1950.

*Gibson & Maddox*, for plaintiff in error.

*Eugene Cook, Attorney-General, Edward Parrish, Solicitor-General, Ben T. Willoughby, T. E. Miller*, and *Robert E. Andrews*, contra.

ALMAND, Justice. Johnny C. Moore, under an indictment charging that he did with malice aforethought kill and murder one John G. Moore by cutting and stabbing the deceased, and striking him with a tobacco can and fire poker, causing mortal wounds which resulted in the death of said John G. Moore, was found guilty with a recommendation of mercy and sentenced to life imprisonment. His motion for a new trial, upon the general grounds and one ground of the amended motion, was overruled, and the exceptions are to an order denying his motion for a new trial.

The only ground of the amended motion for a new trial assigns error on the court's refusal to permit a witness for the defendant to answer the following question: "What statement did your father [the deceased] make to you some time before that about Sarah [the wife of the deceased]?" It is asserted that, if the witness had been allowed to answer, she would have testified "that her father told her not long before that that she was a mean woman and a terrible woman, and he would hate to get in any difficulty with her because that woman will kill you." It is contended that the rejection of this evidence was error, because the defendant had contended in his statement to the jury that Sarah Moore, the wife of the deceased, had killed her husband, and the jury were entitled to know the state of feeling between the deceased and Sarah Moore, and this "would be a circumstance upon which the jury could infer, and would

infer, that she [Sarah Moore], rather than the defendant, killed the deceased."

There was no error in refusing to admit this evidence. The statement of the deceased sought to be introduced was not that his wife had threatened him, but merely an opinion of her character as to violence, and the fact that it was made by the deceased at some uncertain time before the killing would not give it any probative value.

■ The evidence disclosed that the deceased died as the result of wounds inflicted by a knife or other sharp instrument on several parts of his body, and that he was severely beaten. The direct evidence was that the defendant without cause or justification inflicted these wounds. Several witnesses testified that, between the time the wounds were inflicted and his death, the deceased stated that the defendant had inflicted these mortal wounds, and from the evidence it was apparent that the defendant, a nephew of the deceased, lived in the latter's home and, while the deceased and the defendant were in an intoxicated condition, the defendant became mad because the wife of the defendant had represented to him that the deceased had said the defendant would have to move from his home. Thereupon the defendant stabbed and beat the deceased, who was a man about seventy-five years old. The defendant in his statement to the jury contended that Sarah Moore inflicted the wounds which caused the death of the deceased, but the jury rejected this contention, and the evidence amply supports their verdict that the defendant was guilty as charged in the indictment.

*Judgment affirmed. All the Justices concur. Head, J., concurs in the judgment only.*